UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      **MEMORANDUM OF LAW & ORDER**
                       Criminal File No. 18-312 (MJD/LIB)

(1) TIMOTHY OWEN ROOTES,

    Defendant.

Bradley M. Endicott, Assistant United States Attorney, Counsel for Plaintiff.

Daniel S. Le, Le Law Group, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Defendant Timothy Owen Rootes' Motion for Discovery. [Docket No. 81]

## II. BACKGROUND

On November 10, 2021, the Court granted Defendants' request for an evidentiary on his Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 63] limited solely to the issue of whether, after consultation with counsel, Defendant requested that defense counsel file an appeal. [Docket No. 78]; United States v.

1

Rootes, No. CR 18-312 (MJD/LIB), 2021 WL 5235136 (D. Minn. Nov. 10, 2021). That evidentiary hearing is set for May 31, 2022.

The Court's November 10 Order also granted the Government's Motion for an Order from the Court Finding Defendant's Waiver of Attorney-Client Privilege. Additionally, the Court granted in part and denied in part Defendant's motion for discovery [Docket No. 72] as follows: Defendant's motion was denied except that, to the extent that actual copies of the contents of correspondence between Defendant and Craig Cascarano or tape recordings of telephone calls between Defendant and Cascarano exist and are within the Government's possession, the Government was ordered to provide copies of such letters or telephone call recordings to Defendant's counsel. Rootes, 2021 WL 5235136, at *8.

Defendant has now filed a Motion for Discovery [Docket No. 81] seeking that the Court order the Government to provide Defendant with

> (a) Any correspondence between former counsel, Mr. Cascarano, with Mr. Rootes during his representation of this matter. Further any written or recorded statements made by the defendant the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government;

> (b) any written record containing a reference to or the substance of any relevant oral statement made by defendant to Mr. Cascarano during his representation; and
>
> (c) a written statement of the substance of any relevant oral statement made by defendant which the government intends to use at the pending evidentiary hearing.

(Motion for Discovery at 1.)

> Defendant further requests
>
> records and recordings of all jail phone conversations or meetings between Mr. Cascarano and Mr. Rootes during the underlying representation.

(Id. at 2.)

### III.   DISCUSSION

The Government represents that it does not possess, and has not previously possessed, any attorney-client communications between Cascarano and Defendant. At the Government's direction, federal agents inquired whether Sherburne County Jail has in its possession any correspondence or recordings of communications between Cascarano and Defendant. The Sherburne County Jail confirmed that it does not record attorney-client telephone calls and does not scan or open attorney-client mail. On March 18, 2022, the Government provided Defendant with all telephone call and visit records from the Sherburne County jail between Defendant and Cascarano. The records show the dates, times, or

3

length of the visits or telephone calls.  They do not contain the contents of the communications.  The Government represents that it does not possess any other relevant discovery.

Defendant responds that the Government should ordered to obtain from Cascarano all of his records regarding communications such as meetings or visit records for Defendant and produce them to Defendant.

The Government has provided Defendant with all of the relevant information within its control that is responsive to the current motion.  Cascarano is a witness for the Government at the evidentiary hearing; however, the Government is not Cascarano's personal attorney and does not have control over Cascarano's case files.  The Government has fulfilled its obligations.  If Defendant seeks particular discovery from Cascarano's case file, he can request or subpoena those records from Cascarano.  See United States v. Reichel, No. 14-CR-0298 (WMW/FLN), 2020 WL 638898, at *1 (D. Minn. Feb. 11, 2020); United States v. Prado, CR S-02-021, 2009 WL 4018147, at *2 (E.D. Cal. Nov. 18, 2009).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

4

Defendant Timothy Owen Rootes' Motion for Discovery [Docket No. 81] is **DENIED**.

Dated:   March 31, 2022            s/Michael J. Davis
                                   Michael J. Davis
                                   United States District Court